## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| ENDRIT KOLICI, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : Case No. _____ |
| vs. | : State Court Case No. CA21-0839 |
| MONTWAY LLC, | : : |
| Defendant. | : : : |

## NOTICE OF REMOVAL OF ACTION

Defendant Montway LLC ("Montway"), by and through its counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453, and 1711, hereby removes this action from the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida (the "State Court"), to the United States District Court for the Middle District of Florida. In support thereof, Montway states as follows:

## BACKGROUND

1.     Montway exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court where this case is pending under the name and style of *Endrit Kolici v. Montway, LLC*, Case No. CA21-0839.

2.      Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the U.S. district court for the district and division embracing the place where such action is pending.

3.      This is a civil action instituted in the State Court that has not been tried.

4.      On July 16, 2021, Plaintiff Endrit Kolici ("Plaintiff") filed his Class Action Complaint (the "Complaint") in the State Court. Plaintiff's Complaint asserts that Montway violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by calling Plaintiff's cellular telephone number several times using a prerecorded voice message without Plaintiff's prior express consent. Compl., Ex. A, ¶¶ 1, 15-22, 33-40. A true and correct copy of the Complaint, **Exhibit A**, the State Court docket sheet, **Exhibit B**, the available file in the State Court case, **Exhibit C**, the civil cover sheet, **Exhibit D**, and the operative Return of Service, **Exhibit E**, is attached hereto.

5.      As set forth below, the State Court Docket reflects that Montway received a copy of the Summons and Complaint on July 30, 2021; therefore, this Notice is timely under 28 U.S.C. §§ 1446(b) and 1453. *See* Ex. E; *Murphy Bros., Inc. v. Michetti Pipe String, Inc.*, 526 U.S. 344, 347-48 (1999).

6.      As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), in that Plaintiff's action raises a federal question, and also constitutes a class action—as defined in 28 U.S.C. § 1332(d)(1)(B)—pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER 28 U.S.C. § 1331

7.      Plaintiff alleges that Defendant violated the laws of the United States; namely, the TCPA and the federal regulations promulgated thereunder. *See Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740, 744-45 (2012). Thus, there is federal question jurisdiction.

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

8.      CAFA, 28 U.S.C. § 1332(d), was enacted "to facilitate adjudication of certain class actions in federal court." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). CAFA expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant (*i.e.*, "minimal diversity"); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. *See* 28 U.S.C. § 1332(d).

3

9.     Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 135 S. Ct. at 544. In light of *Dark Cherokee*, the Eleventh Circuit has held: "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

10.     As set forth below, this Court has subject matter jurisdiction pursuant to CAFA Section 1332(d)(2) because: (1) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); (2) at least one member of the putative class is a citizen of a state different from any defendant; and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate. Removal is appropriate because all three requirements have been met.

## I.     The Proposed Class Exceeds 100 Members

11.     A civil action constitutes a "class action" under CAFA if: (1) it is "filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action"; and (2) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100." 28 U.S.C. § 1332(d)(1)(B), (d)(2), and (d)(5)(B) (emphasis added).

12.     The State Court Action purports to assert the claim pursuant to Florida Rule of Civil Procedure 1.220 on behalf of the following putative class:

> All persons within the United States who, within the four years prior to the filing of this Complaint, receiving a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendants goods and/or services.

Ex. A ¶ 23; 28 U.S.C. § 1332(d)(1)(B).

13.     Plaintiff alleges upon information and belief that "Defendant has placed prerecorded calls to telephone numbers belonging to *thousands* of consumers throughout the United States without their prior express consent." *Id.* ¶ 25 (emphasis added).

14.     Montway has identified more than 100 customers who received similar alleged prerecorded voice "calls" (messages) during the applicable statutory period, which exceeds the threshold of 100 class members. *See* Declaration of Christopher Velazquez in Support of Notice of Removal, attached as **Exhibit F**, ¶ 5. This action therefore constitutes a "class action" under 28 U.S.C. § 1332(d)(1)(B), (d)(2), and (d)(5)(B).

## II.     The Minimal Diversity of Citizenship Requirement is Satisfied

15.     Both at the time Plaintiff commenced this action against Montway in State Court and at the time of removal, there was and is minimal diversity of citizenship as contemplated by Section 1332(d)(2)(A) of CAFA.

16.     CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Courts often refer to this as "minimal diversity." *See Hill v. National Ins. Underwriters, Inc.*, 641 Fed. Appx. 899, 902 (11th Cir. 2016). This requirement is met here, as Montway is a citizen of a different state than the named Plaintiff.

17.     The Complaint identifies the named Plaintiff as a citizen of Florida. Ex. A ¶ 5.

18.     Montway is incorporated in the state of Delaware with its principal place of business in Schaumburg, Illinois. Ex. F ¶ 3.

19.     Montway is a citizen of a state other than the state of Florida for purposes of diversity of citizenship under 28 U.S.C. §§ 1332(a) and (d).

20.     As a citizen of Delaware and Illinois, Montway is a citizen of a state other than the state of citizenship of at least one named Plaintiff identified in the Complaint. Diversity of citizenship is therefore established under 28 U.S.C. § 1332(d)(2)(A).

### III.    The Amount in Controversy Requirement Under CAFA is Satisfied

21.     Both at the time Plaintiff commenced this action against Montway in State Court and at the time of removal, the amount in controversy requirement contemplated by 28 U.S.C. § 1332(d)(2) was and is also satisfied.

6

22.     A district court has original jurisdiction of an action between citizens of different states where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

23.     Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). "And those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Id.* (quoting 28 U.S.C. § 1332(d)(1)(D)) (emphasis added); *see also South Florida Wellness*, *Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

24.     Here, Plaintiff's claims meet the jurisdictional threshold in Section 1332(d)(6) in that the aggregate amount of the damages and other relief sought by the putative class exceeds $5,000,000, exclusive of interest and costs.

25.     As stated above, the Complaint seeks relief for purported violations of the TCPA. *See* Ex. A ¶¶ 1, 15-22, 33-40.

26.     Plaintiff alleges that Montway violated the TCPA "by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent." *Id.* ¶ 37.

27.     The Complaint asserts that "Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for *each violation.*" *Id*. ¶ 39 (emphasis added). The Complaint further alleges that "the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA." *Id.* ¶ 40. Moreover, the Complaint seeks a declaration that Montway's practices violated the TCPA and "[a]n injunction prohibiting [Montway] from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party[.]" *Id*. Prayer for Relief Subparts (a) and (b).

28.     The TCPA permits a plaintiff "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. § 227(b)(3)(B). The TCPA affords the $500 for each call.  And, where the court finds that a defendant willfully or knowingly violated 47 U.S.C. § 227(b)(3)(C) or its implementing regulations, the court has discretion to "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 27 U.S.C. § 227(b)(3)(C).

29.     The amount of damages sought could include the combined total of the highest statutory damages for each member of the putative class. 28 U.S.C. §

8

1332(d)(6). Accordingly, the total of these statutory damages amounts during the relevant period makes up a portion of the plausible damages at issue.

30.    The initial investigation conducted by the undersigned indicates at least 10,000 "prerecorded voice calls" were sent to Montway customers on their telephones during the relevant statutory period from July 16, 2017 to July 16, 2021. *See* 47 U.S.C. § 227; Ex. F ¶ 5.

31.    Accordingly, for purposes of CAFA aggregation[1], there are at least 10,000 purported violative prerecorded "calls" in the class. Therefore, the aggregate amount of liquidated damages for all individuals in the putative class, each "call" at $500 or more, exceeds $5 million.[2]

32.    Finally, Plaintiff also seeks declaratory and injunctive relief. Ex. A Prayer for Relief Subparts (a) and (b). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Com'n*, 432 U.S. 333, 347 (1977). The TCPA permits an action to enjoin a violation of 47 U.S.C. § 227(b)(3). Accordingly, the amount in controversy here may include the value of declaratory and injunctive relief.

---

[1] Montway is only making this representation with respect to CAFA removal and does not concede that the contact with customers constituted violative "calls" under the TCPA or the putative class meets the requirements under Rule 23 of the Federal Rules of Civil Procedure.

[2] $500 x 10,000 = 5,000,000

33.     Therefore, Plaintiff and the purported class have placed in controversy at least $5,000,000 in damages.

34.     Accordingly, the $5,000,000 threshold for the amount in controversy is met for purposes of satisfying 28 U.S.C. § 1332(d)(6).

**IV.     The Court Should Not Decline to Exercise Jurisdiction Over This Action**

35.     Pursuant to 28 U.S.C. § 1332(d)(3), a district court may decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed.

36.     As set forth above, Plaintiff cannot satisfy Section 1332(d)(3).

37.     Pursuant to 28 U.S.C. § 1332(d)(4), a district court shall decline to exercise jurisdiction over a class action where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed, or where:

     a.     greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

     b.     at least one defendant is a defendant:

          i.     from whom significant relief is sought by members of the plaintiff class;

        ii.     whose alleged conduct forms a basis for the claims asserted by the proposed plaintiff class; and

        iii.   who is a citizen of the State in which the action was originally filed; and

   c.     principal injuries resulting from the alleged conduct of each defendant were incurred in the State in which the action was originally filed; and

   d.     during the three-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

38.    The factors outlined in Section 1332(d)(4) are not present here. By its terms, 28 U.S.C. § 1332(d)(4) cannot be met where no defendant is a citizen of the state where the action was originally filed. Thus, this Court should not decline to exercise jurisdiction over this action.

## PLAINTIFF HAS ALLEGED CONCRETE, MATERIAL HARMS SUFFICIENT TO ESTABLISH ARTICLE III STANDING

39.    In removal cases, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). As part of this burden, the party invoking federal jurisdiction must establish that the plaintiff has pled Article III standing to assert its claim. *de Palo v. Countryside Station Ltd. Liab. Co.*, No. 12-cv-00204, 2012 WL 1231968, at *2 (M.D. Fla. Apr. 12, 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "In essence the question of standing is whether

the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L.Ed.2d 343 (1975).

40.     For a defendant to establish a plaintiff has Article III standing, the defendant must demonstrate that the plaintiff alleges an injury-in-fact that was caused by defendant and that is redressable by this Court. *See Bennett v. Spear*, 520 U.S. 154, 162, 117 S. Ct. 1154, 137 L.E.2d 281 (1997); *Lujan*, 504 U.S. at 560 (The 'irreducible constitutional minimum of standing' consists of three elements: injury-in-fact, causation, and redressability.").

41.     For an injury to qualify as an injury-in-fact, it must be "concrete and particularized" and "actual and imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1548 (2016).

42.     Here, Plaintiff has alleged the type of "concrete" injury-in-fact that the Eleventh Circuit has held sufficiently confers Article III standing to litigate in federal court.[3]

43.     The Eleventh Circuit has held that "because an unwanted call 'uses some of the phone owner's time and mental energy, both of which are precious,' the recipient of 'more than one unwanted telemarketing call' has suffered an injury

---

[3] As before, this discussion of injury is limited to whether Plaintiff has alleged an injury-in-fact sufficient to confer Article III standing and establish subject matter jurisdiction in this Court.

under the TCPA. *Grigorian v. FCA US LLC*, No. 19-15026, 2020 WL 7238392, at *2 (11th Cir. Dec. 9, 2020) (citing *Cordoba v. DIRECTV, LLC,* 942 F.3d 1259, 1269–70 (11th Cir. 2019) (quotation marks omitted)); *see also Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1305–06 (11th Cir. 2020) (holding that plaintiffs who received "over a dozen unsolicited phone calls to their cell phones" established injury-in-fact); *Perrong v. Total Ins. Brokers, LLC*, Case No. 8:20-cv-1905-JSM-TGW, 2021 WL 3036467, at *3 (M.D. Fla. Apr. 2, 2021) ("The amended complaint adequately alleges Perrong's standing because he received more than one unwanted robocall. He also avers that his telephone service provider charges him for each call he receives.").

44.     Here, Plaintiff has alleged "calls" on at least four separate occasions, and has alleged the receipt of "multiple" prerecorded voice calls made by Defendant. Ex. A ¶ 15. Plaintiff further alleged that "Defendant's calls rendered Plaintiff's cellular telephone inoperable for other uses while he was listening to Defendant's unsolicited message." *Id.* ¶ 22.

45.     Thus, based on the allegations in the Complaint, Plaintiff has alleged the existence of a "concrete" injury-in-fact sufficient to confer Article III standing in this Court as it relates to both of Plaintiff's claims under the TCPA. *Id.* ¶¶ 15, 22.

## PROCEDURAL COMPLIANCE

46.     Pursuant to 28 U.S.C. § 1446(b), a notice of removal should be filed within thirty (30) days after service of the summons and the complaint on a defendant.

47.     Here, the Affidavit of Service filed in the State Court Action reflects that a copy of the Summons and the Complaint was served on Montway on July 30, 2021. *See* Ex. E.

48.     Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant has the right to remove this case from the State Court to the U.S. District Court for the Middle District of Florida, which embraces the place where the action is currently pending.

49.     The U.S. District Court for the Middle District of Florida embraces St. Johns County, where the State Court action is now pending. Therefore, pursuant to 28 U.S.C. § 89(b), this Court is a proper venue for this action.

50.     No previous application has been made for the relief requested herein.

51.     Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings, and orders served upon Montway; the Class Action Complaint, bearing case number CA21-0839, filed in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida (*see* **Exhibit A**, attached); and the Return of Service (*see* **Exhibit E**, attached).

52.     A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

53.     Montway reserves all defenses and objections to Plaintiff's claims.

**WHEREFORE**, Defendant Montway LLC hereby removes this case from the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, where it is now pending, to the United States District Court for the Middle District of Florida.

Respectfully submitted,

**DATED:** August 27, 2021

**BLANK ROME LLP**

_s/ Maria K. Vigilante_
Maria K. Vigilante
Florida Bar No. 98822
500 East Broward Boulevard
Suite 2100
Fort Lauderdale, Florida 33394
Phone: (954) 512-1809
Fax: (813) 433-5564
E-mail: mvigilante@blankrome.com

Ana Tagvoryan
(_pro hac vice forthcoming_)
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Phone: (424) 239-3465
Fax: (424) 239-3690
E-mail: atagvoryan@blankrome.com

Harrison Brown
(_pro hac vice forthcoming_)

2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Phone: (424) 239-3433
E-mail: HBrown@BlankRome.com

*Counsel for Defendant Montway, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of the Notice of Electronic Filing generated by CM/ECF.

*s/ Maria K. Vigilante*
Maria K. Vigilante